UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**SCOTT KELLY HANSEN,**

    **Plaintiff,**

                              **Civil Action 2:12-cv-773**
**v.**                             **Judge George C. Smith**
                              **Magistrate Judge Elizabeth P. Deavers**

**DIRECTOR, O.D.R.C.,** *et al.***,**

    **Defendants.**

## ORDER

This matter is before the Court for consideration of Plaintiff's Motion to Modify Scheduling Order. (ECF No. 14.) Also before the Court is Defendants' Response in Opposition to Plaintiff's Motion. (ECF No. 16.) In his Motion, Plaintiff seeks to shorten the deadlines set forth in this Court's November 27, 2012 Scheduling Order. (ECF No. 13.) For the reasons that follow, Plaintiff's Motion is **DENIED**.

**I.**

Plaintiff, an inmate currently incarcerated in federal prison in North Carolina, brings this action under 42 U.S.C. § 1983. (ECF No. 6.) Plaintiff purports to assert claims of cruel and unusual punishment and deliberate indifference under the Eighth Amendment to the United States Constitution. He seeks to avoid being returned to an Ohio prison upon his release from the North Carolina institution in January 2014.

According to the Complaint, Plaintiff is a former participant in the witness protection program as a result of testifying on behalf of the State in an Ohio criminal trial. Plaintiff maintains that because of his participation in the criminal trial his life will be in danger if he

returns to the state of Ohio. Ohio Authorities currently have a detainer hold in place which will require Plaintiff to be transferred to the Ohio prison system to answer for a 1991 offense upon his release from the North Carolina Institution. Plaintiff seeks injunctive relief preventing Ohio authorities from transferring him to Ohio.

## II.

A district court is required to enter a scheduling order, which limits the time "to join other partes, amend the pleadings, complete discovery, and file motions." Fed. R. Civ. P. 16(b)(3). Federal Rule of Civil Procedure 16(b)(4) provides that "[a] schedule may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). "The primary measure of Rule 16's 'good cause' standard is the moving party's diligence in attempting to meet the case management order's requirements." *Inge v. Rock Financial Corp.,* 281 F.3d 613, 625 (6th Cir. 2002); *accord Lear v. Daeschner*, 349 F.3d 888, 906 (6th Cir. 2003) ("[A] court choosing to modify the schedule upon a showing of good cause, may do so only if it cannot reasonably be met despite the diligence of the party seeking the extension." (internal quotation marks and citation omitted)).

Here, Plaintiff seeks to modify the case schedule on a number of grounds. Plaintiff contends that staff members of the Federal Bureau of Prisons ("FBOP") have alerted him to the existence of complex post-release placement issues that must be resolved prior to his January 2014 release from the North Carolina institution. Specifically, Plaintiff asserts that although he was assigned a new identity upon his participation in the witness protection program, the FBOP currently has him in its computer system under his old identity. (Pl.'s Mot. 2, ECF No. 14.) Plaintiff also indicates that if he is successful in this action he will be placed in a half-way house under supervised release. He states that coordination of such placement will be time consuming.

2

*Id.* at 2.  According to Plaintiff, FBOP officials have informed him that it will take at least one year to resolve these issues to facilitate his transfer to a half-way house.  *Id.* at 3.  Thus, Plaintiff seeks to shorten the deadlines imposed in the Court's Scheduling Order.

Defendants oppose Plaintiff's Motion on a number of grounds.  First, they contend that they will face prejudice if the deadlines set forth in the Court's Scheduling Order are shortened.  (Def.'s Op. 2, ECF No. 16.)  Plaintiff's proposed deadlines would not afford Defendants sufficient time to conduct discovery and prepare to file dispositive motions.  Defendants also posit that Plaintiff's stated reasons for his request do not rise to the level of good cause.  *Id.* at 3.

Plaintiff has failed to establish good cause to modify the Court's Scheduling Order.  Plaintiff has failed to demonstrate that the administrative matters he presents will affect the outcome of this case or that they necessitate a modified case schedule.  Accordingly, Plaintiff's Motion is **DENIED**.  (ECF No. 14.)

Also, the Court notes that Defendants' Response suggests that it is their position that Plaintiff has failed to state a claim upon which relief may be granted.  (Def.'s Op. 3, ECF No. 16.)  Although the deadline to file dispositive motions is set for July 26, 2013, nothing prevents Defendants from filing a Motion for Summary Judgment or Motion for Judgment on the Pleadings prior to that date.

**IT IS SO ORDERED.**

Date: February 19, 2013                                  /s/ *Elizabeth A. Preston Deavers*
                                                                       Elizabeth A. Preston Deavers
                                                                       United States Magistrate Judge