UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**SCOTT KELLY HANSEN,**

    **Plaintiff,**

                          **Civil Action 2:12-cv-773**
    v.                     **Judge George C. Smith**
                          **Magistrate Judge Elizabeth P. Deavers**

**DIRECTOR, O.D.R.C.,** *et al.*,

    **Defendants.**

## OPINION AND ORDER

This matter is before the Court for consideration of Plaintiff's Motion to Produce Two Classified Documents. (ECF No. 7.) Plaintiff filed the Motion along with his Complaint. Defendants filed a Response in Opposition on March 22, 2013. (ECF No. 19.) For the reasons that follow, Plaintiff's Motion is **DENIED**.

**I.**

Plaintiff, an inmate currently incarcerated in federal prison in North Carolina, brings this action under 42 U.S.C. § 1983. (ECF No. 6.) Plaintiff purports to assert claims of cruel and unusual punishment and deliberate indifference under the Eighth Amendment to the United States Constitution. He seeks to avoid being returned to an Ohio prison upon his release from the North Carolina institution in January 2014.

According to the Complaint, Plaintiff is a former participant in the witness protection program as a result of testifying on behalf of the State in an Ohio criminal trial. Plaintiff maintains that because of his participation in the criminal trial his life will be in danger if he returns to the state of Ohio. Ohio Authorities currently have a detainer-hold in place which will

require Plaintiff to be transferred to the Ohio prison system to answer for a 1991 offense upon his release from the North Carolina Institution. Plaintiff seeks injunctive relief preventing Ohio authorities from transferring him to Ohio.

In the subject Motion to Produce Documents, Plaintiff seeks production of two threat assessments that the United States Government purportedly conducted in 1994 and 1997. Plaintiff postulates that the threat assessments will shed light on the level of threat he faces if returned to an Ohio prison.

**II.**

Through his Motion, Plaintiff effectively seeks discovery from a nonparty. Specifically, he seeks an Order from the Court to compel the United States Attorney's Office for the Northern District of Ohio to produce the threat assessments. (ECF No. 7.) The appropriate vehicle for litigants to obtain discovery from a nonparty is Rule 45 of the Federal Rules of Civil Procedure.[1] Plaintiff's status as a *pro se* litigant proceeding *in forma pauperis* does not relieve him of the obligation to comply with the Rules governing discovery. *See Rittner v. Thrower*, No. 2:06-cv-471, 2007 WL 756704, *6 (S.D. Ohio March 8, 2007) ("A party proceeding *in forma pauperis*, including prisoners, are not relieved from [the obligations set forth in Rule 45(b)(1)]."); *Colton v. Scutt*, No. 10-cv-13073, 2012 WL 5383115, *3 (E.D. Mich. Nov. 1, 2012) (stating, with respect to prisoner-plaintiff's motion to compel documents from a nonparty, that "[t]he Court is without authority to compel the production of documents from a nonparty who has not been

---

[1] With respect to subpoenas for the production of documents, Rule 45 of the Federal Rules of Civil Procedure provides that "the clerk [of the court for the district where the production of documents is to be made] must issue a subpoena, signed but otherwise blank, to a party who requests it." Fed. R. Civ. P. 45(a)(3). Plaintiff is a party to this action. He may therefore request a blank subpoena from the clerk of the court for the Northern District of Ohio, which, according to his Motion, is the district where the production of documents would be made.

properly served with a subpoena"); *Smith v. Yarrow*, 78 Fed. App'x 529, 544 (6th Cir. 2003) ("A prisoner plaintiff proceeding *in forma pauperis* may seek a waiver of certain pretrial filing fees, but there is no constitutional or statutory requirement that the government or Defendant pay for an indigent prisoner's discovery efforts.").

Thus, Plaintiff cannot obtain the documents he requests from the parties in this case. Accordingly, Plaintiff's Motion to Produce Documents is **DENIED**. (ECF No. 7.)[2] In order to provide Plaintiff time to attempt to obtain this discovery, the discovery deadline is hereby extended to **JUNE 6, 2013**. Dispositive motions are now due **ON OR BEFORE AUGUST 25, 2013**.

**IT IS SO ORDERED.**

Date: May 8, 2013                                        /s/ *Elizabeth A. Preston Deavers*
                                                             Elizabeth A. Preston Deavers
                                                             United States Magistrate Judge

---

[2]Nothing in this Opinion and Order should be construed as a decision as to whether the U.S. Attorney for the Northern District of Ohio is the proper party on whom to serve the subpoena or that he is legally obligated to produce the documents Plaintiff seeks.