**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

**SCOTT KELLY HANSEN,**

   **Plaintiff,**

             **Civil Action 2:12-cv-773**
  **v.**           **Judge George C. Smith**
             **Magistrate Judge Elizabeth P. Deavers**

**DIRECTOR, O.D.R.C.,** *et al.*,

   **Defendants.**

## REPORT AND RECOMMENDATION

Plaintiff, a federal inmate in North Carolina who proceeds *in forma pauperis,* brings this civil rights action under 42 U.S.C. § 1983. Plaintiff purports to assert claims of cruel and unusual punishment and deliberate indifference under the Eighth Amendment of the United States Constitution. This matter is before the Court for consideration of Defendants' Motion for Summary Judgment (ECF No. 29), Plaintiff's Memorandum in Opposition[1] (ECF No. 30), and Defendants' Reply (ECF No. 31). For the reasons that follow, it is **RECOMMENDED** that Defendants' Motion for Summary Judgment be **GRANTED**.

### I. BACKGROUND

The Court incorporates by reference the factual background set forth in its May 8, 2013 Order. (ECF No. 20.) The Court sets for the following pertinent facts as they relate to the instant Motion.

Plaintiff is an inmate in the custody of the Federal Bureau of Prisons and is currently incarcerated in North Carolina. The Ohio Department of Rehabilitation and Corrections ("ODRC") has placed a parole holder on Plaintiff. At the end of Plaintiff's federal sentence, he

---

[1] Plaintiff is represented by counsel, but has filed his Memorandum in Opposition *pro se.*

will be extradited to Ohio for a parole revocation hearing.  If the parole board determines that Plaintiff violated his parole, he will be returned to ODRC custody.  Plaintiff brings this action to prevent his potential return to Ohio.  He asserts that he will be in imminent danger in an Ohio prison because of testimony he gave in the 1990s.  Plaintiff asserts that Defendants are being deliberately indifferent to his safety needs and indicates that he could face grave danger if returned to Ohio.[2]

Defendants filed the subject Motion on December 17, 2013.  In their Motion, Defendants contend that they are entitled to summary judgment because Plaintiff's claim is not ripe for review.  Defendants posit that it is uncertain whether Plaintiff will even be sent back to prison in Ohio.  Further, Defendants assert that even if the claim was ripe for review, Plaintiff cannot show that Defendants have been deliberately indifferent to his safety needs.  They indicate that they have received Plaintiff's threat assessment and will follow the appropriate procedures for dealing with such a safety risk.  Finally, Defendants posit that the relief Plaintiff requests is beyond the Court's authority to award, because it would prohibit the enforcement of his criminal sentence.

Plaintiff opposes Defendants' Motion.  In his Memorandum in Opposition, Plaintiff asserts that his case is ripe for review because he would suffer immediate hardship if returned to Ohio.  Plaintiff indicates that Defendants remain deliberately indifferent to substantial threats to his safety.  Plaintiff acknowledges that Defendants have received his threat assessment, but believes that defendants are not doing enough to ensure his safety.  Plaintiff contends that

---

[2] Plaintiff brought a similar action in 2009.  In that case, the Court granted summary judgment to Defendant and dismissed the action without prejudice on the basis of ripeness.  *Hansen v. Collins*, No. 2:09-CV-00517 (S.D. Ohio Sept. 16, 2010).  The Court noted, however, that "Plaintiff may, if he so chooses, re-file an action for injunctive relief approximately one year before his January 2014 release."  *Id.*

Defendants' interest in returning Plaintiff to Ohio for a parole violation is outweighed by the serious risk of harm he faces.

In Defendants' Reply, they contend that Plaintiff has failed to provide sufficient evidence to show that material facts are in dispute.  They indicate that Plaintiff's Memorandum in Opposition is "nothing more than an unsupported reiteration of his original pleadings."  (Reply 3, ECF No. 31.)

## II.   SUMMARY JUDGMENT STANDARD

Under Federal Rule of Civil Procedure 56, "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a).  "The moving party has the initial burden of proving that no genuine issue of material fact exists, and the court must draw all reasonable inferences in the light most favorable to the nonmoving party."  *Stansberry v. Air Wisconsin Airlines Corp.*, 651 F.3d 482, 486 (6th Cir. 2011) (internal quotations omitted); *cf.* Fed. R. Civ. P. 56(e)(2) (providing that if a party "fails to properly address another party's assertion of fact" then the Court may "consider the fact undisputed for purposes of the motion").

"Once the moving party meets its initial burden, the nonmovant must 'designate specific facts showing that there is a genuine issue for trial.'"  *Kimble v. Wasylyshyn*, No. 10–3110, 2011 WL 4469612, at *3 (6th Cir. Sept. 28, 2011) (quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986)); *see also* Fed. R. Civ. P. 56(c) (requiring a party maintaining that a fact is genuinely disputed to "cit[e] to particular parts of materials in the record").  "The nonmovant must, however, do more than simply show that there is some metaphysical doubt as to the material facts.  . . .  [T]here must be evidence upon which a reasonable jury could return a verdict in favor of the non-moving party to create a genuine dispute."  *Lee v. Metro. Gov't of Nashville &*

*Davidson Cnty.*, 432 F. App'x 435, 441 (6th Cir. 2011) (internal quotation marks and citations omitted).  "When a motion for summary judgment is properly made and supported and the nonmoving party fails to respond with a showing sufficient to establish an essential element of its case, summary judgment is appropriate." *Stanberry*, 651 F.3d at 486 (citing *Celotex*, 477 U.S. at 322–23).

### III.   ANALYSIS

Defendants assert that they are entitled to summary judgment for a variety of reasons. Specifically, Defendants maintain that (1) Plaintiff's claims are not ripe for review; (2) even if Plaintiff's claims were ripe for review, he cannot show that Defendants are deliberately indifferent to his safety needs; and (3) Plaintiff seeks relief that is beyond the Court's ability to provide.  The Court will consider each of Defendants' arguments in turn.

**A.     Ripeness**

The Court set out the standard for whether Plaintiff's case is ripe in his previous case:

> Under the Constitution, federal court jurisdiction is limited to cases and controversies.  U.S. Const. art. III, § 2; *In re Cassim*, 594 F.3d 432, 437 (6th Cir. 2010).  Accordingly, "[t]he ripeness doctrine has developed 'to ensure that courts decide only existing, substantial controversies . . . .'" *Cassim*, 594 F.3d at 437 (quoting *Déjà vu of Nashville, Inc. v. Metro Gov't of Nashville & Davidson Cnty.*, 274 F.3d 377, 399 (6th Cir. 2001)).  Nevertheless, "the ripeness doctrine arises 'both from Article III limitations on judicial power and from prudential reasons for refusing to exercise jurisdiction.'" *Id.* (quoting *Reno v. Catholic Soc. Servs.*, 509 U.S. 43, 57 n.18 (1993)).  Accordingly, "'[t]he ripeness doctrine not only depends on the finding of a case and controversy and hence jursidcition under Article III, but it also requires that the court exercises its discretion to determine if judicial resolution would be desirable under all of the circumstances.'" *Id.* at 437-38 (quoting *Brown v. Ferro Corp.*, 763 F.2d 798, 801 (6th Cir. 1985)).
>
> In determining whether a judicial resolution would be desirable, the Court will consider several factors. *Grace Cmty. Church v. Lenox Twp.*, 544 F.3d 609, 615 (6th Cir. 2008).  Specifically, the Court looks to "(1) the likelihood that the harm alleged by the plaintiff[] will ever come to pass; (2) whether the factual record is sufficiently developed to produce a fair adjudication of the merits of the parties' respective claims; and (3) the hardship to the parties if judicial relief is

denied at this stage in the proceedings." *Id.* (quoting *Insomnia, Inc. v. City of Memphis, Tenn.*, 278 Fed. App'x 609, 612 (6th Cir. 2008) (internal quotations omitted)). The first factor provides that "'[r]ipeness, while often spoken of as a justiciability doctrine distinct from standing, in fact shares the constitutional requirement of standing that an injury in fact be certainly impending.'" *Casden v. Burns*, 306 Fed. App'x 966, 971 (6th Cir. 2009) (quoting *Nat'l Treasury Employees Union v. United States*, 101 F.3d 1423, 1427 (D.C. Cir. 1996)). The second and third factors, however, "reflect the 'prudential aspects of ripeness.'" *Id.* at 972 (quoting *Nat'l Treasury Employees Union*, 306 Fed. App'x at 1427-28).

*Hansen v. Collins*, No. 2:09-cv-517  Report and Recommendation (S.D. Ohio June 22, 2010).

Defendants assert that Plaintiff's claim is not ripe for adjudication because it is possible that the harm alleged by Plaintiff will never come to pass. They maintain it is possible that Plaintiff may never be returned to ODRC custody. In any event, Defendants note, several events must occur before Plaintiff could be returned. First, Plaintiff must be released from federal custody in North Carolina. Then, he must be returned to Ohio for a hearing with the Ohio Parole Board. Following the hearing, a member of the Ohio Parole Board will determine whether or not Plaintiff violated his parole. Only at that point would Plaintiff be returned to prison in Ohio. Defendants note that "Plaintiff's return to an Ohio prison is a legitimate possibility, but far from a certainty." (Def.'s Mot. 5, ECF No. 29.)

Plaintiff asserts that his claim is ripe for review because he could be subjected to serious harm or death immediately upon his return to Ohio. He indicates that the individuals who have the potential to inflict harm upon him have the resources and ability to attack him if he is returned to an Ohio prison.

The Undersigned concludes that Plaintiff's claim is ripe for review. As noted by the Court in Plaintiff's previous case:

Because Hansen objects to the transfer itself, he is seeking relief that is concrete, particularized and imminent. There is a causal connection between the injury-- threats to his safety--and the conduct complained of--the transfer. A favorable

decision would prevent the injury that plaintiff seeks; he would not be transferred to an Ohio prison.

*Hansen v. Collins*, No.2:09-CV-517, 2010 WL 419933, at *3 (S.D. Ohio Jan. 29, 2010)(adopting Report and Recommendation).  Further, although the Court determined on summary judgment that Plaintiff's claims were not ripe for review in his 2009 case, the reasons for that determination are no longer applicable.  The Court emphasized that the the fact that Plaintiff's potential transfer to an Ohio prison was more than three years away weighed heavily in its decision.  *Hansen v. Collins*, No. 2:09-cv-517, 2010 WL 3702558, at *4 (S.D. Ohio Sept. 16, 2010) ("[A]ny judicial decision at this stage would undergo the difficult task of assessing the prison safety conditions that will exist over three years from now.").  The Court specifically noted that "Plaintiff may, if he so chooses, re-file an action for injunctive relief approximately one year before his [anticipated] January 2014 release." *Id.*  Plaintiff did exactly that.  He will be released sometime this year, and may be transferred to ODRC custody in the immediate future.  Further, the factual record has been developed in this case.  Defendants have had an opportunity to review Plaintiff's threat assessment and begin to evaluate their actions with respect to Plaintiff's potential transfer.  Finally, Plaintiff will not have another opportunity to request such relief unless and until he is in ODRC custody.

The Undersigned therefore concludes that Plaintiff's claims are ripe for review and will address his claims for deliberate indifference on the merits.

**B.      Deliberate Indifference**

"To establish liability under the Eighth Amendment for a claim based on a failure to prevent harm to a prisoner, appellant must prove that appellees acted with 'deliberate indifference' to a substantial risk of serious harm." *Woods v. Lecureux*, 110 F.3d 1215, 1222

(6th Cir. 1997) (citing *Farmer v. Brennan*, 511 U.S. 825, 834 (1994)).  The United States Court of Appeals for the Sixth Circuit has described the deliberate indifference test as follows:

> This test involves both a subjective and objective component.  The objective component requires that the deprivation alleged must be "sufficiently serious." *Farmer*, 511 U.S. at 834.  "For a claim . . . based on failure to prevent harm, the inmate must show that he is incarcerated under conditions posing a substantial risk of serious harm." *Id.*  To satisfy the subjective requirement, appellant must show that appellees had "a sufficiently culpable state of mind." *Id.*

*Woods*, 110 F.3d at 1222.

An inmate's right to be free from violence at the hands of other prisoners is well established.  *Bishop v. Hackel*, 636 F.3d 757, 766 (6th Cir. 2011); *see also Farmer*, 511 U.S. at 833 ("[P]rison officials have a duty . . . to protect prisoners from violence at the hands of other prisoners); *Walker v. Norris*, 917 F.2d 1449, 1453 (6th Cir. 1990) ("On several occasions, we have held that 'deliberate indifference' of a constitutional magnitude may occur when prison guards fail to protect one inmate from an attack by another.").  "However, in cases where prison officials 'actually knew of a substantial risk to inmate health or safety may be found free from liability if they reasonably respond to the risk, even if the harm ultimately was not averted.'" *Harrison v. Ash*, 539 F.3d 510, 519 (6th Cir. 2008) (quoting *Farmer*, 511 U.S. at 837).

The evidence in the instant case, when viewed in the light most favorable to Plaintiff, is sufficient to meet the objective component of the test.  Plaintiff has consistently asserted that he faces a serious risk of harm if he is returned to prison in Ohio.  He indicates that he provided testimony against individuals who have the capability of causing him serious harm in Ohio.  Further, Plaintiff has been placed in the federal witness protection program, which indicates that he is under some threat of harm.

Plaintiff has not, however, adduced any evidence to establish that Defendants have a sufficiently culpable state of mind to satisfy the subjective portion of the test.  Defendants have

put forth evidence to show that they are reasonably responding to the potential threat Plaintiff

faces if he is returned to Ohio.  In support of their Motion, Defendants provide an affidavit from

Brian Wittrup, the Chief of the ODRC Bureau of Classification and Reception, which is the

division of ODRC that determines the safety classification and institutional placement for

inmates and assesses requests for placement in Protective Control Units.  (Wittrup Aff. ¶ 2, ECF

No. 29-1.)  In his affidavit, Mr. Wittrup affirms that he has been provided a copy of Plaintiff's

1994 threat assessment conducted by the United States Drug Enforcement Agency.  (*Id.* at ¶ 6.)

He avers that he will consider the threat assessment when evaluating the risks to Plaintiff's safety

and where he will be placed.  (*Id.*)  The safety evaluation process also involves an investigation

and an interview with Plaintiff, which cannot begin until Plaintiff is in ODRC custody.  Mr.

Wittrup further affirms that when Plaintiff is in ODRC custody, he will be placed in a "single-

celled environment while the Ohio Adult Parole Authority ("APA") determines whether he must

be incarcerated as part of his prior criminal sentence."  (*Id.* at ¶ 8.)  Defendants also provide their

current policies on Inmate Separations and Classification/Release of Protective Control Inmates.

Mr. Wittrup affirms that those policies are performed consistently with Ohio Administrative

Code § 5120-9-14 and that ODRC will follow the relevant policies with respect to Plaintiff.  (*Id.*

at ¶ ¶ 3-4.)

Plaintiff, in his Memorandum in Opposition, indicates that Defendants' plan for

protection is insufficient because they underestimate the threat against him.  He opines that the

threats against him are not something that Defendants deal with on a daily basis.  As best as the

Court can discern, Plaintiff asserts that Defendants are being deliberately indifferent by putting

him in potential danger in an Ohio prison because of what he considers a minor parole violation.

Plaintiff does not, however, provide any facts or evidence to indicate that Defendants' current

plan of action is an unreasonable response to the potential threat he faces. *See, e.g., Mingus v. Butler*, 591 F.3d 474, 481 (6th Cir. 2010)(concluding that Defendant reasonably responded to an inmate's request for a single-cell by considering the prison's Guidelines); *Doe v. Bowles*, 254 F.3d 617, 621 (6th Cir. 2001) (concluding that the prison guard's choice of isolating the plaintiff's attacker was not deliberately indifferent, even though plaintiff was ultimately attacked). Further, Plaintiff does not provide evidence to indicate that Defendants will disregard the risk of harm he faces if he is returned to ODRC custody. *See Hadix v. Johnson*, 367 F.3d 513, 526 (6th Cir. 2004) (explaining that a plaintiff seeking injunctive relief to prevent future harm, "'must come forward with evidence from which it can be inferred that the defendant-officials were at the time the suit was filed, and are at the time of summary judgment, knowingly and unreasonably disregarding an objectively intolerable risk of harm, and that they will continue to do so.'" (quoting *Farmer*, 511 U.S. at 845-46)).

Defendants have provided evidence that they are taking Plaintiff's concerns regarding potential harm seriously. They have received and reviewed a threat assessment and will use that assessment when evaluating Plaintiff's potential return to an Ohio prison. They will keep him segregated in a single-cell while the APA decides whether he must be incarcerated. They will follow the relevant policies designed to address similar situations. Plaintiff has not adduced sufficient evidence to indicate that Defendants are deliberately indifferent to his safety needs. The Undersigned therefore **RECOMMENDS** that the Court **GRANT** Defendants' Motion for Summary Judgment on Plaintiff's claims for deliberate indifference.[3]

---

[3] The Court dispenses with an analysis of its authority to order relief under 18 U.S.C. § 3626 given this recommendation to grant summary judgment to Defendants on the merits.

## IV.  RECOMMENDATIONS

For the reasons set forth above, it is **RECOMMENDED** that Defendants' Motion for Summary judgment be **GRANTED** and that judgment be entered in favor of Defendants.

## V.  PROCEDURE FOR OBJECTIONS

If any party seeks review by the District Judge of this Report and Recommendation, that party may, within fourteen (14) days, file and serve on all parties objections to the Report and Recommendation, specifically designating this Report and Recommendation, and the part in question, as well as the basis for objection.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Response to objections must be filed within fourteen (14) days after being served with a copy. Fed. R. Civ. P. 72(b).

The parties are specifically advised that the failure to object to the Report and Recommendation will result in a waiver of the right to *de novo* review by the District Judge and waiver of the right to appeal the judgment of the District Court.  *See, e.g.*, *Pfahler v. Nat'l Latex Prod. Co.*, 517 F.3d 816, 829 (6th Cir. 2007) (holding that "failure to object to the magistrate judge's recommendations constituted a waiver of [the defendant's] ability to appeal the district court's ruling"); *United States v. Sullivan*, 431 F.3d 976, 984 (6th Cir. 2005) (holding that defendant waived appeal of district court's denial of pretrial motion by failing to timely object to magistrate judge's report and recommendation).  Even when timely objections are filed, appellate review of issues not raised in those objections is waived.  *Robert v. Tesson*, 507 F.3d 981, 994 (6th Cir. 2007) ("[A] general objection to a magistrate judge's report, which fails to specify the issues of contention, does not suffice to preserve an issue for appeal . . . .") (citation omitted)).

Date:  April 24, 2014

                                  */s/ Elizabeth A. Preston Deavers*
                                    Elizabeth A. Preston Deavers
                                    United States Magistrate Judge